UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GAIL C. CLARK,<br><br>       Plaintiff,<br><br>   v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social security,<br><br>       Defendant. | Case No. C04-5237 FDB<br><br>ORDER ON ATTORNEY FEES |

     This matter comes before the Court on Plaintiff's motion for authorization of attorney fees under 42 U.S.C. § 406(b). This court has jurisdiction to award attorney fees for work before this court under 42 U.S.C. § 406(b). <u>Straw v. Bowen</u>, 866 F.2d 1167 (9th Cir. 1989). Plaintiff must apply to the Social Security Administration for an award of fees for representation at the administrative level. 42 U.S.C. § 406(a); <u>Stenswick v. Bowen</u>, 815 F.2d 519 (9th Cir. 1987). An attorney fee of $5,300.00 has been paid for representation in the administrative proceedings.

     Previously, this Court awarded Plaintiff's counsel $6,058.68 pursuant to the Equal Access to Justice Act (EAJA). Plaintiff's counsel now petitions for a gross fee of $11,958.32. Plaintiff has subtracted from 25% of the past due benefits the amount awarded pursuant to the EAJA and

ORDER - 1

requests a net award of $11,958.32, minus an administrative assessment, for legal services rendered at the judicial level.

The Defendant objects to the request on the basis that the award of attorneys fees under 42 U.S.C. § 406(a) for representation in the administrative proceedings must also be deducted from the 25% of past-due benefits. The Court agrees.

Under 42 U.S.C. § 406(b)(1)(A) the court can only award fees up to the 25 percent withheld from the past-due benefits. This 25% limit applies to the total of 42 U.S.C. § 406(a) and 406(b) fees combined. See, <u>Morris v. Social Sec. Admin.</u>, 689 F.2d 495, 497-98 (4th Cir. 1982); <u>Webb v. Richardson</u>, 472 F.2d 529, 536 (6th Cir. 1972); <u>Dawson v. Finch</u>, 425 F.2d 1192, 1195 (5th Cir. 1970). Here, the parties agree that $18,017.00 equals 25% of Plaintiff's past-due benefits. From this figure the Court must deduct the § 406(a) fees ($5,300.00) and the EAJA fees paid to Plaintiff's counsel ($6,058.68), for a net fee of $6,658.32 for § 406(b) fees. Defendant may also deduct an assessment under 42 U.S.C. § 406(d).

ACCORDINGLY,

IT IS ORDERED:

Plaintiff's Motion for an Award of Attorney's Fees [DKT #25] is **GRANTED IN PART**. Plaintiff is awarded 42 U.S.C. § 406(b) attorney fees in the sum of **$6,658.32**, minus the § 406(d) administrative assessment.

DATED this 8th day of December, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2